SARANDES SICALIDES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sicalides v. Commissioner
Docket No. 25033-87.
United States Tax Court
T.C. Memo 1989-164; 1989 Tax Ct. Memo LEXIS 164; 57 T.C.M. (CCH) 104; T.C.M. (RIA) 89164; April 13, 1989
Sarandes Sicalides, pro se. Theodore Marasciulo, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: *165 Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1982
$ 11,413.00
$ 1,629.87
$ 570.65
50 percent of
interest due on
$ 11,413.00
1983
11,010.00
1,817.06
550.50
50 percent of
interest due on
$ 11,010.00
Year
Sec. 6661
Sec. 6654
1982
$ 2,853.25
$ 515.54
1983
2,752.50
387.51
After concessions, [2] the issues for decision are: (1) Whether wages paid to petitioner in 1982 and 1983 constitute amounts properly includable in gross income; (2) whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654 for 1982 and 1983; and (3) whether petitioner is liable for damages under section 6673. The petition also alleges petitioner's entitlement to itemized deductions. *166 No evidence was introduced on this point and petitioner abandoned the issue in his memorandum of authorities filed with the Court. FINDINGS OF FACT No stipulation of facts has been filed. Petitioner resided in New Castle, Delaware, when he filed his petition in this case. During 1982 and 1983, petitioner was employed by E. I. DuPont De Nemours and Company. He received wages of $ 36,208.77 in 1982 and $ 37,833.97 in 1983. Petitioner did not file income tax returns for the taxable years 1982 and 1983. OPINION Petitioner claims that wages received in exchange for services do not constitute taxable income and also appears to contend that amounts received in the form of Federal Reserve notes are not includable in income. In addition to these arguments, petitioner has asserted a number of constitutional challenges in his petition, at trial, and in a 28-page memorandum of authorities filed with the Court. The arguments presented by petitioner have been rejected repeatedly over the years and are entirely without merit. It is well settled that wages *167 received in exchange for services rendered constitute taxable income. , affd. per curiam ; . It is also well established that Federal Reserve notes constitute legal tender which must be reported on a taxpayer's Federal income tax return. ; ; . The remaining constitutional claims asserted by petitioner are equally without merit and warrant no further discussion. See , affd. . We must also decide whether petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654. Petitioner bears the burden of proof concerning his liability for these additions to tax. Rule 142(a). Petitioner has failed to offer any evidence indicating that these additions *168 to tax are inappropriate. Therefore, respondent's determinations are sustained. Finally, we must consider respondent's motion for an award of damages under the provisions of section 6673. Section 6673 states that this Court shall award damages not in excess of $ 5,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. ; ; . We have awarded such damages in other cases in which taxpayers have raised the same tax protestor type arguments as does petitioner. See, e.g., , affg. a Memorandum Opinion of this Court; ; ; *169 . In our opinion, such damages are appropriate in this case. Petitioner was repeatedly warned that his failure to cooperate in the preparation of this case would result in a motion for damages under section 6673. Respondent's counsel explained to petitioner that his arguments were meritless and provided petitioner with supporting legal authority. Petitioner, however, insisted on wasting the resources of this Court by presenting legal theories that have been thoroughly repudiated. Under these circumstances, we award damages in the amount of $ 5,000 to the United States. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that petitioner is not liable for the addition to tax under section 6661 for the years in issue.↩